# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 13-20669

SHERROD CHRISTOPHER JAMES,

        Defendant.

_____/

**OPINION AND ORDER CONSTRUING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE AS SUCCESSIVE MOTION TO VACATE SENTENCE AND TRANSFERRING THE MOTION TO THE SIXTH CIRCUIT**

Defendant Sherrod Christopher James pleaded guilty on November 6, 2013, to possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1). (ECF No. 17, PageID.63.) On March 11, 2014, the court sentenced him to 188 months imprisonment. (*Id.*, PageID.64.) On February 18, 2015, Defendant moved to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 19.) The court denied the motion on March 2, 2018. (ECF No. 33.)

Defendant has filed a "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)." (ECF No. 37.) He asks that the court grant his immediate release for five reasons: 1) "systematic racism and [a] dysfunctional criminal process" resulted in an "undu[e] convict[ion] . . . for a non-existing [offense of] possession with intent to distribute" and a "non-applicable . . . career offender sentence"; 2) Defendant's attorney provided ineffective assistance of counsel for not challenging the intent element of his offense, rendering his guilty plea "not voluntary and intelligently entered"; 3) his attorney

was ineffective for not informing him that the lesser offense of possession of a controlled substance would not qualify him for sentencing as a career offender;[1] 4) Defendant's confession at his plea hearing to possession with intent to distribute a controlled substance violated the *corpus delicti* corroboration requirement;[2] and 5) Defendant's prior convictions do not qualify as predicate offenses for career offender sentencing, and his sentence as a career offender was "a due process violation." (*Id.*, PageID.171-82.) The government filed a response. (ECF No. 40.)

Defendant's motion is filed pursuant to the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Under § 3582(c)(1)(A), the court "may reduce the term of imprisonment" if "extraordinary and compelling reasons warrant such a reduction," the sentencing factors provided under 18 U.S.C. § 3553(a) weigh in favor of the sentence reduction, and a reduction in sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *See United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (describing the three basic elements of compassionate release). However, Defendant describes no individual circumstances he is currently experiencing that could qualify as extraordinary or compelling under § 3582(c)(1)(A). For instance, he does not state that he is suffering from a serious or debilitating medical

---

[1] Defendant asserts that his counsel "erroneously induce[d] [him] to plead guilty to a crime that [he] is actually innocent of." (ECF No. 37, PageID.177.)

[2] The traditional "*corpus delicti*, or 'body of a crime,' rule, . . . guarded against convictions for imaginary crimes by requiring prosecutors to demonstrate through independent evidence that the crime occurred before they could use an accused's own statements to establish guilt." *United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010). Today, "[t]he government . . . may satisfy the rule if it introduces 'substantial independent evidence which would tend to establish the trustworthiness of the statement.'" *Id.* (quoting *Opper v. United States*, 348 U.S. 84, 89 (1954)).

ailment, nor does he state that his family circumstances justify immediate release. Defendant does not maintain that the health risks presented by the Coronavirus Disease ("COVID-19") warrant release.

In essence, Defendant moves for compassionate release by claiming that his attorney provided constitutionally deficient assistance of counsel during plea negotiations and sentencing and that the court imposed a sentence in violation of the law. However, Congress create a specific legal avenue by which criminal defendants may challenge the legality of their conviction and sentence: 28 U.S.C. § 2255. Section 2255 states that a federal prisoner "may move the court which imposed [his] sentence to vacate, set aside or correct the sentence" if the prisoner establishes that "the sentence was imposed in violation of the Constitution or laws of the United States." Along with providing prisoners the opportunity to challenge the legality of their sentences, Congress put in place strict procedural limitations. Under 28 U.S.C. § 2255(h), all "second or successive motion[s] [to vacate sentence] must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals." Certification is provided in only two narrow circumstances: 1) when a prisoner demonstrates that "newly discovered evidence . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense"; and 2) when a claim involves "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). These restrictions were created "in large part . . . to prevent state and federal inmates from continuing to flood the federal courts with challenges to their confinement." *In re Hanserd*, 123 F.3d 922, 933 (6th Cir. 1997).

"When a habeas petitioner files a motion attacking the merits of a conviction or sentence after the adjudication of her habeas petition is complete—meaning that the petitioner has lost on the merits and has exhausted her appellate remedies—the motion, irrespective of its characterization, is really a second or successive habeas petition." *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). "This rule prevents the use of motions filed after the adjudication of a habeas petition is complete to impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* (quotations removed). In this light, the Sixth Circuit has construed motions for relief from judgment under Federal Rule of Civil Procedure 60(b) "that attempt[] 'to add a new ground for relief'" to a previously denied § 2255 motion as "effectively motion[s] to vacate, set aside, or correct the sentence" under § 2255. *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 532). Similarly, the Sixth Circuit has held that "post-judgment motion[s] to amend . . . that raise[] habeas claims [are] second or successive petition[s]" when a prior § 2255 has been litigated and denied. *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016).

The court is unaware of a Sixth Circuit decision that has considered whether a motion for compassionate release under § 3582(c)(1) should be construed as a successive § 2255 motion. However, the Sixth Circuit held in *United States v. Carter* that other motions filed under § 3582(c) that "attack[] the [defendant's] underlying conviction or sentence" are successive § 2255 motions. *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). In *Carter*, a federal prisoner who had previously litigated

4

a § 2255 motion filed a motion for reduction in sentence under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides courts with authority to reduce a prisoner's sentence when he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The provision is one of two provisions contained in subsection § 3582(c), the other being compassionate release. *See* 18 U.S.C. § 3582(c)(1). The *Carter* court noted that the prisoner's motion could be "interpreted as presenting a new attack on the merits of the district court's original sentencing determination." *Id.* at 491. "[S]uch an attack is beyond the scope of a proper § 3582 motion and must be construed as a § 2255 motion, regardless of its title as a § 3582 motion." *Id.* Because the prisoner had previously filed a § 2255 motion, his "numerically second § 2255 motion [was] cognizable by the district court only if it does not constitute a second or successive petition" or he if received certification from the Sixth Circuit.

There is little material difference between the statutory provision in *Carter*, § 3582(c)(2), and the compassionate release provision, § 3582(c)(1). They are contained in the same statutory subsection, and they both provide district courts with authority to reduce a prisoner's sentence. The provisions are two narrow exceptions to the general rule that courts "may not modify a term of imprisonment once it has been imposed." 28 U.S.C. § 3582(c). In fact, Sixth Circuit applied its holding in *Carter* to any "§ 3582 motion." *Carter*, 500 F.3d at 490. The court did not distinguish between the two provisions in § 3582(c), nor did it state that its holding is limited to motions filed under § 3582(c)(2).

5

Furthermore, the compassionate release provision presents an even greater opportunity for abuse than § 3582(c)(2), the provision at issue in *Carter*. Section 3582(c)(2) is applicable in much narrower and readily defined circumstances than compassionate release. The provision applies only when a prisoner's "sentencing range . . . [has] been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If a sentencing range is not lowered or is lowered by a body other than the Sentencing Commission, § 3582(c)(1) does not apply. By contrast, a prisoner can obtain compassionate release whenever a court finds "extraordinary and compelling circumstances" and 18 U.S.C. § 3553(a) sentencing factors weigh in favor of release. The Sixth Circuit in *United States v. Jones* held that the third element of compassionate release, that release be "consistent with applicable policy statements issued by the Sentencing Commission," is not at this time applicable. 980 F.3d 1098, 1110-11 (6th Cir. 2020).

The principles underlying the numerous Sixth Circuit decisions construing legal challenges to convictions and sentences as § 2255 motions to vacate, *see Clark*, 764 F.3d at 658, *In re Nailor*, 487 F.3d at 1022, *Moreland*, 813 F.3d at 323, *Carter*, 500 F.3d at 490, are fully applicable in the compassionate release context. If courts permit prisoners to relitigate § 2255 claims challenging the legally of their sentence through compassionate release, prisoners would, in effect, "impermissibly circumvent" the procedural limitations Congress designed for § 2255 motions. *Clark*, 764 F.3d at 658; *see In re Hanserd*, 123 F.3d at 933 (describing the utility of statutory limitations on successive § 2255 motions to prevent continuous litigation on the legality of sentences). If prisoners are permitted redefine their § 2255 claims as "extraordinary and compelling"

circumstances, and § 3553(a) sentencing factors weigh in favor of release, there would be little need to seek "certifi[cation] . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Prisoners could avoid having to make the difficult case that "newly discovered evidence" supports a finding of innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," applies. 28 U.S.C. § 2255(h). Failure to construe such requests for compassionate release as successive § 2255 motions would risk making statutory limitations on successive § 2255 irrelevant and unnecessary.

Thus, motions for compassionate release that "attack[] the [defendant's] underlying conviction or sentence," *Carter*, 500 F.3d at 490, or "add a new ground for relief'" to a previously denied motion to vacate sentence, *In re Nailor*, 487 F.3d at 1022, are properly construed as successive § 2255 motions. The case at hand provides an excellent example why this must be the case. In March 2014, the court sentenced Defendant to 188 months imprisonment, and in February 2015, he filed a § 2255 motion to vacate sentence. (ECF No. 19.) In the motion, Defendant claimed that his attorney provided ineffective assistance of counsel. He stated that his attorney "recommended that [he] plead guilty to the count of possession with intent to distribute when, according to Defendant, there was no evidence from which a jury could conclude that [he] intended to distribute a controlled substance." (ECF No. 33, PageID.159, Opinion and Order Denying Defendant's § 2255 Motion to Vacate; ECF No. 19, PageID.86, Defendant's § 2255 Motion to Vacate ("[T]he most this case warranted was criminal liability for a charge of possession".).) The court thoroughly reviewed Defendant's §

2255 claim and held that his attorney did not provide ineffective assistance of counsel. (ECF No. 33, PageID.159-63.)

Now, over seven years after the court sentenced Defendant, and six years after he filed a § 2255 motion,[3] he asserts in a motion for compassionate release that his conviction and sentence were unlawful. Specifically, like in his original § 2255 motion, he claims that his attorney provided ineffective assistance of counsel, and, as a result of the ineffective assistance, Defendant pleaded guilty to a drug distribution offense for which the government could not prove the element of intent. (ECF No. 37, PageID.171-82.) Defendant makes no claim that his individual circumstances while in confinement, whether based on health, age, family conditions, or behavior since being incarcerated, are "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). The instant motion has nothing to do with his current conditions, outside the basic fact that he was convicted of a criminal offense. Defendant has simply repackaged his ineffective assistance of counsel claim advanced in his first § 2255 motion; he has framed the claim in the language of "extraordinary and compelling" circumstances and filed a second motion to vacate under the auspices of compassionate release.

Like in his original § 2255 motion, Defendant also asserts that circumstantial evidence proving his intent to distribute controlled substances, outside of his plea hearing confession, was insufficient to establish the element of intent. In the original § 2255 motion, the court considered his "challenge[] [to] the weight of circumstantial

---

[3] Section 2255 motions must be filed "prior to the expiration of a one-year statute of limitations" provided under 28 U.S.C. § 2255(h). *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004). This one-year statute of limitations "applies to all motions under § 2255, initial motions as well as second or successive ones." *Dodd v. United States*, 545 U.S. 353, 359 (2005) (quotations removed).

evidence presented by the government" to prove intent. (ECF No. 33, PageID.162.) Now he asserts, under the *corpus delicti* corroboration rule, that "the government failed to prove with . . . corroborating evidence [other than his confession] that [he] intended to distribute the drugs." (ECF No. 37, PageID.179.) In the instant motion, Defendant adds new claims based on "systematic racism" and his sentencing as a career offender, which, like his other claims, challenge the legality of his conviction and sentence.[4] (*See id.*, PageID.171-82.)

In all, Defendant's motion for compassionate release "attack[s] the merits of [his] conviction [and] sentence" and is properly construed as a § 2255 motion. *Clark*, 764 F.3d at 658. The court previously denied a § 2255 motion, and Defendant does not allege that he obtained certification to file a successive motion to vacate. "[W]hen a second or successive . . . § 2255 motion is filed in district court without . . . authorization from [the Court of Appeals], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Consequently, the court will transfer Defendant's motion to the Sixth Circuit. Accordingly,

---

[4] Defendant asserts systematic racism resulted in a "non-existing" drug distribution offense and "non-applicable" career offender sentencing. (ECF No. 37, PageID.171-72.) This claim attacks the legality of Defendant's conviction and sentence and is properly construed as a § 2255 claim. To the extent that the systematic racism claim could be construed as a valid compassionate release claim, the court finds that the general existence of systematic racism, and its alleged application to Defendant's conviction and sentence, do not qualify as "extraordinary and compelling" circumstances justifying his release. 18 U.S.C. § 3582(c)(1)(A).

9

IT IS ORDERED that Defendant's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (ECF No. 37) is CONSTRUED as a successive § 2255 motion and TRANSFERRED to the United States Court of Appeals for the Sixth Circuit.

                                                            s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2021, by electronic and/or ordinary mail.

                                                            s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\13-20669.JAMES.MotionforReductionofSentence.RMK.1.docx